IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GINETTE PAONESSA PERSIN, | ) Civil No. 25-00001 MWJS-KJM |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO DENY |
| vs. | ) PLAINTIFF'S MOTION FOR |
| | ) DEFAULT JUDGMENT ON THE |
| CLINT R. MATHEWS; FUNDING | ) COMPLAINT FILED JANUARY 2, |
| FORCE, LLC, | ) 2025 |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT ON THE COMPLAINT FILED JANUARY 2, 2025

On July 8, 2025, Plaintiff Ginette Paonessa Persin ("Plaintiff") filed a Motion for Default Judgment on the Complaint Filed January 2, 2025 ("Motion"). ECF No. 24. On August 3, 2025, Defendant Clint R. Mathews ("Defendant Mathews"), on behalf of Defendant Funding Force, LLC ("Defendant Funding Force"), filed an Opposition to the Motion ("Opposition"). ECF No. 31. Defendant Mathews did not oppose the Motion. On August 18, 2025, Plaintiff filed a Reply. ECF No. 33.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. ECF No. 27. After carefully considering the Motion,

applicable law, and record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

BACKGROUND

I. Factual Background

On January 2, 2025, Plaintiff, proceeding *pro se* at the time, filed a Complaint for a Civil Case Alleging Breach of Contract ("Complaint"). ECF No. 1. Plaintiff alleges that she and Defendant Funding Force entered into a Master Investment Agreement ("Agreement"). ECF No. 1 at 4; *see also id.* at 6–7. Pursuant to the Agreement, in February 2022, Plaintiff invested $100,000 with Defendant Funding Force for a 12% return on investment. *Id.* at 6. The Agreement provides that Defendant Funding Force will pay Plaintiff monthly interest in the amount of $1,000 for two years, after which time Defendant Funding Force would repay Plaintiff her initial investment amount. *Id.*

Plaintiff alleges that Defendant Funding Force made the required monthly interest payments until January 2024. *Id.* at 4. Defendant Funding Force has not made any interest payments since. *Id.* Plaintiff also alleges that Defendant Funding Force has failed to return Plaintiff's initial $100,000 investment. *Id.*

II. Procedural Background

On March 14, 2025, Plaintiff's counsel filed a Notice of Appearance for Plaintiff. ECF No. 11. On March 3, 2025, the Court held a telephonic status

conference.  ECF No. 10.  Defendant Mathews participated and informed the Court that he is an active member of Defendant Funding Force.  *Id.*  On April 3, 2025, the Court held a second telephonic status conference.  ECF No. 15.  Defendant Mathews appeared and stated that he would retain counsel for Defendant Funding Force before the next hearing.  *Id.*

On May 6, 2025, the Court held a third telephonic status conference.  ECF No. 17.  Defendant Mathews appeared and asked the Court for additional time to retain counsel for Defendant Funding Force.  *Id.*  The Court reminded Defendant Mathews that Defendant Funding Force, as an entity, must be represented by counsel.  *Id.*  Plaintiff's counsel objected to Defendant Mathews' request.  *Id.*

On May 20, 2025, Plaintiff asked the Court to enter default against Defendant Mathews and Defendant Funding Force.  ECF Nos. 18, 19.  On May 22, 2025, the Clerk of Court entered default against Defendant Mathews and Defendant Funding Force.  ECF No. 22.  On July 8, 2025, Plaintiff filed the instant Motion.  ECF No. 24.

## DISCUSSION

I.   The Opposition

As an initial matter, the Court addresses the Opposition.  The Court has told Defendant Mathews that Defendant Funding Force must be represented by an attorney.  LR81.1(b) ("Entities other than individuals . . . must be represented by

3

an attorney."). Because Defendant Mathews is not an attorney, he cannot represent Defendant Funding Force, and the Opposition is an improper filing.

In any case, the only argument in the Opposition is that the Court should allow additional time for Defendant Mathews to retain counsel for Defendant Funding Force. Defendant Mathews has purportedly been trying to retain counsel for Defendant Funding Force for over four months, since early April 2025. Defendant Mathews offers no evidence of the efforts that he has made or that he is any closer to retaining counsel for Defendant Funding Force. The Court thus finds no reason to delay ruling on the Motion.

II. The Motion

The Court finds that the Motion, which seeks the significant relief of default judgment, is fatally deficient.

Before considering the merits of a request for default judgment, the court has an affirmative obligation to determine whether it has subject-matter jurisdiction over the action and personal jurisdiction over the defendants. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Regarding the merits, the Ninth Circuit has enumerated factors that courts should consider in determining whether to grant default judgment:

4

    (1)    the possibility of prejudice to the plaintiff;

    (2)    the merits of the plaintiff's substantive claim;

    (3)    the sufficiency of the complaint;

    (4)    the sum of money at stake in the action;

    (5)    the possibility of a dispute concerning material facts;

    (6)    whether the default was due to excusable neglect; and

    (7)    the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986).

    Plaintiff's Motion does not address jurisdiction or the *Eitel* factors. In fact, Plaintiff's Motion is completely devoid of any legal analysis regarding Plaintiff's claims. Nor does Plaintiff offer any legal authority or analysis for her request for attorneys' fees.

    In the Motion, Plaintiff includes a statement of facts that cites to declarations and exhibits attached to the Motion. ECF No. 24 at 3–7. Generally, however, a request for default judgment must be based on the allegations in the complaint, not extrinsic evidence. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted) (stating that, with the exception of facts related to the amount of damages, courts must take as true all factual allegations pled in the complaint); *Adobe Sys., Inc. v. Tilley*, No. C 09–1085 PJH, 2010 WL 309249, at *3 (N.D. Cal. Jan. 19, 2010) ("[W]here the allegations in a complaint are not 'well-

pleaded,' liability is not established by virtue of the defendant's default and default judgment should not be entered." (citation omitted)).  Plaintiff makes no effort to explain why this case should serve as one of the narrow exceptions for which the Court should consider extrinsic evidence.

Given the Motion's deficiencies outlined herein—failure to establish jurisdiction, absence of discussion of the *Eitel* factors, and substantial reliance upon extrinsic evidence—the Court is simply unable to grant the serious relief sought as to either Defendant.  The Court's role on a motion for default judgment is not ministerial, and even in the absence of a substantive opposition, the Court cannot serve as a rubber stamp.  *Emp. Painters' Tr. Health & Welfare Fund v. Sankey*, No. C10-479RAJ, 2010 WL 11688431, at *1 (W.D. Wash. Aug. 31, 2010).

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion for Default Judgment on the Complaint Filed January 2, 2025 (ECF No. 24).  The Court recommends that denial be without prejudice to Plaintiff filing a new motion that addresses the deficiencies identified herein.

6

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 25, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Persin v. Mathews, et al.*, Civil No. 25-00001 MWJS-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment on the Complaint Filed January 2, 2025