IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GINETTE PAONESSA PERSIN,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLINT R. MATHEWS, FUNDING FORCE,<br>LLC,<br><br>    Defendants. | Civil No. 25-00001 MWJS-KJM<br><br>ORDER DENYING DEFENDANT CLINT<br>R. MATHEWS' MOTIONS TO DISMISS |

## **INTRODUCTION**

Before the court are Defendant Clint R. Mathews' motions to dismiss the complaint of Plaintiff Ginette Paonessa Persin.  Mathews seeks dismissal on the grounds of lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.  For the reasons set forth below, the court concludes that Persin has made a prima facie showing of personal jurisdiction over Mathews, and that Mathews has not carried his burden to demonstrate otherwise.  The court further concludes that Mathews has not established that venue is improper, or that Persin has failed to state a plausible claim for relief.  Accordingly, Mathews' motions to dismiss are DENIED.

//

//

## BACKGROUND

On January 2, 2025, Persin—proceeding pro se at the time—filed a complaint alleging breach of contract against Mathews and a co-defendant, Funding Force, LLC. Since the filing of Persin's complaint, a significant procedural history has developed, which the court described in an earlier order dated October 30, 2025. *See* Dkt. 45. The court assumes the parties' familiarity with that procedural history, and summarizes it here only as necessary to provide context for the pending motions.

In a nutshell, Persin filed this action alleging that she entered into a Master Investment Agreement with Funding Force, that Defendants breached that agreement, and that Defendants are now liable for return of her $100,000 principal investment plus interest and attorneys' fees. Dkt. 1, at PageID.4. After the complaint was filed, Mathews appeared at multiple status conferences, represented that he was an active member of Funding Force, and at various points indicated that he intended to retain counsel for the entity, which, as the court repeatedly explained, was required to appear through counsel. Dkt. No. 45, at PageID.336-38.

Apart from these representations to the court, however, Mathews and Funding Force failed to respond to the complaint. Upon Persin's request, therefore, the clerk of court entered a default judgment against both Mathews and Funding Force. Dkt. No. 22.

Mathews then moved to set aside the default, and the court granted that motion as to Mathews, but denied it as to Funding Force, which remains in default because it failed to appear through counsel. Having set aside the clerk's entry of default judgment as to Mathews, the court directed him to file a response to the complaint by November 13, 2025. *See* Dkt. 45, at PageID.342. These motions to dismiss followed, and the court elects to decide them without a hearing as authorized by Local Rule 7.1(c).

## DISCUSSION

Defendant Mathews moves under Rule 12 of the Federal Rules of Civil Procedure seeking dismissal of Persin's complaint. He relies, specifically, on Rule 12(b)(2) (arguing the court lacks personal jurisdiction over him), Rule 12(b)(3) (contending this court is an improper venue for this lawsuit), and Rule 12(b)(6) (arguing that Persin has failed to state a claim upon which relief can be granted). *See* Dkt. No. 47.[1] Mathews proceeds pro se, so the court holds his motions to "less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (cleaned

---

[1]    Although the motion is captioned "second motion to dismiss," the docket reflects no prior motion to dismiss filed by Defendant Mathews. Under Rule 12, "[t]he defenses in Rule 12(b)(2)-(5) are waived if they were available but not raised in the first motion under Rule 12(b)." *Paige v. Pulse Beverage Corp.*, Civ. No. 16-00090, 2017 WL 11139681, at *2 (D. Haw. Nov. 9, 2017); *see also id.* ("[A] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from an earlier motion under Rule 12 when that defense was available" (citing Fed. R. Civ. P. 12(g)(2), 12(h)(1)(A))). But because these are Defendant's first Rule 12 motions, those defenses are not waived. The court therefore considers Defendant's arguments on the merits and finds that Mathews has failed to carry his burden on any of the asserted grounds.

up).  But even under that more lenient standard, Mathews still bears the burden of developing legal arguments and establishing entitlement to dismissal under each of the Rule 12 grounds.  His motions fail to do so.

### A.    Personal jurisdiction

Mathews first argues that the complaint should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction.

Defendants have a constitutional due process right to not be "subject to the binding judgments of a forum with which [they] ha[ve] established no meaningful 'contacts, ties, or relations.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  A plaintiff that asks a court to assert personal jurisdiction over a defendant has "the burden of proving such jurisdiction," *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004), which they must meet "for each claim asserted against a defendant," *id*. at 1180.  A plaintiff may carry this burden by demonstrating the existence of either general or specific personal jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

Persin does not assert that the court may exercise general jurisdiction over Mathews, and so the court considers only whether specific jurisdiction exists.  To establish specific jurisdiction, a court must examine "the quality and nature of the defendant's contacts with the forum state in relation to the cause of action."  *Lake v. Lake*,

817 F.2d 1416, 1421 (9th Cir. 1987).  When, as here, there is no federal statute governing

personal jurisdiction, "the district court applies the law of the state in which it sits."

*Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608–09 (9th Cir. 2010).  Because

Hawaiʻi's long-arm jurisdictional statute is coextensive with due process requirements,

*Haw. Forest & Trail Ltd. v. Davey*, 556 F. Supp. 2d 1162, 1168 (D. Haw. 2008), the due

process and state law analyses are the same.

At the motion-to-dismiss stage, a court need not hold an evidentiary hearing to

conclusively resolve whether personal jurisdiction exists—and the court declines to do

so here.  Instead, the court will resolve Mathews' motion on the written submissions,

which means that, at this stage, "the plaintiff need only make a prima facie showing of

jurisdictional facts to withstand the motion to dismiss."  *Mavrix Photo, Inc. v. Brand

Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also Data Disc, Inc. v. Sys. Tech. Assocs.,

Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  Any "conflicts between the facts contained in

the parties' affidavits must be resolved" in the plaintiff's favor.  *Am. Tel. & Tel. Co. v.

Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  And if the plaintiff has not

submitted an affidavit on a factual point, the court must still accept the plaintiff's

allegations as true so long as they are uncontroverted.  *Id.*

But even when, as here, it declines to hold an evidentiary hearing and instead

elects to make a qualified ruling on the papers, the court need not credit conclusory

allegations.  *Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948,

962–63 (D. Haw. 2006); *accord Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Moreover, when a plaintiff rests merely on allegations that are contradicted by affidavit, the court need not accept the plaintiff's unsubstantiated allegations as true. *Data Disc*, 557 F.2d at 1284.[2]

With these standards in mind, the court turns to whether Persin has made out a prima facie case of personal jurisdiction.

1. Persin contends that Mathews remains "personally liable under alter-ego principles." Dkt. No. 50, at PageID.360. Although alter-ego liability is ultimately a fact-intensive inquiry, at the jurisdictional stage the court need only determine whether the plaintiff has made a prima facie showing that the individual defendant is the alter ego of the LLC defendant. Here, Persin has alleged facts sufficient to meet that threshold.

Under the alter ego theory, "if a corporation is the alter ego of an individual defendant, or one corporation the alter ego of another, the Court may pierce the corporate veil jurisdictionally and attribute contacts accordingly." *RAE Sys., Inc. v. TSA*

---

[2]    Persin contends that Mathews submitted a materially altered version of the Master Investment Agreement and urges the court to treat that conduct as evidence of bad faith and to impose sanctions. Dkt. No. 50, at PageID.365, 375-77. The court has reviewed the versions of the agreement submitted by both parties and concludes that they differ in some respects. *Compare* Dkt. No. 1, at PageID.6-7, *with* Dkt. No. 47-2, at PageID.351-52. The court does not determine at this stage which version ultimately governs the parties' relationship, nor does it make findings regarding the appropriateness of sanctions. At the motion-to-dismiss stage, the court must resolve factual ambiguities in the plaintiff's favor. Accordingly, for purposes of the present motion, the court proceeds on the basis of the version of the agreement attached to Persin's complaint.

*Sys., Ltd.*, No. C 04–2030, 2005 WL 1513124, at *3 (N.D. Cal. June 24, 2005) (cleaned up).

Moreover, "[t]he standard for personal jurisdiction under an alter ego theory is lower

than the standard for liability under an alter ego theory." *Television Events*, 416 F. Supp.

2d at 962. Persin need only make a prima facie showing of an alter ego relationship. *See*

*Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984).

To determine whether one individual or entity is an alter ego of another for the

purposes of personal jurisdiction, courts consider a number of factors. Entities are

generally deemed an alter ego of another entity if "there is such unity of interest and

ownership that the separate personalities of the two entities no longer exist," and

"failure to disregard their separate identities would result in fraud or injustice." *Ranza*

*v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (cleaned up); *see also Mesler v. Bragg*

*Mgmt. Co.*, 39 Cal. 3d 290, 300, 702 P.2d 601, 606 (1985). Under California law—which is

one source of substantive law that might govern this diversity jurisdiction case—other

relevant factors include, but are not limited to, the "[c]omingling of funds and other

assets"; a "failure to segregate funds of the separate entities"; "the treatment by an

individual of the assets of the corporation as his own"; "the disregard of legal

formalities"; and a "failure to maintain arm's length relationships among related

entities." *Blizzard Energy, Inc. v. Schaefers*, 286 Cal. Rptr. 3d 658, 671–72 (Cal. Ct. App.

2021). Under Hawai'i law—the other substantive law that might govern here—the

factors are similar, requiring an inquiry into the "identity of directors and officers of the

7

two entities"; "the use of the same office or business location"; "the employment of the

same employees and/or attorney"; and "the contracting with another with intent to

avoid performance by use of a corporate entity as a shield against personal liability,"

among other things. *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawaiʻi

224, 242, 982 P.2d 853, 871 (1999) (cleaned up), *superseded by statute on other grounds as*

*recognized in Calipjo v. Purdy*, 144 Hawaiʻi 266, 277 n.23, 982 P.2d 218, 229 n.23 (2019).

Here, Persin alleges multiple facts demonstrating that Mathews treated Funding

Force as indistinguishable from himself.

First, Persin alleges complete identity of ownership and control, which Mathews

does not dispute.  Dkt. No. 50, at PageID.373.  Funding Force has only one member—

Mathews himself.  While single-member status alone is insufficient to establish alter

ego, it is a relevant factor in assessing whether an individual dominated and controlled

the entity's operations.  *See Robert's Haw. Sch. Bus, Inc.*, 91 Hawaiʻi at 242, 982 P.2d at

871; *Misik v. D'Arco*, 130 Cal. Rptr. 3d 123, 129 (Cal. Ct. App. 2011) (listing an

individual's "ownership of all stock" and "identical directors and officers" as factors

when determining a unity of interest).

Second, Persin alleges that Mathews disregarded the LLC's separate existence in

financial dealings:  for example, in August 2021, Mathews sent Persin an invoice on

Funding Force letterhead for an $8,500 "consultation fee," but instructed her to make

the check payable personally to "Clint Mathews."  Dkt. No. 50, at PageID.373.  Persin

contends that Mathews then deposited the funds into his personal account.  *Id*.  Persin

alleges that such commingling of personal and corporate funds occurred over an

extended period.  From 2022 to 2024, Mathews allegedly transmitted monthly payments

to Persin "sometimes from the Funding Force, LLC Thrivent account, sometimes from

Mathews' personal Thrivent account."  *Id*.  Persin further alleges that Mathews made

"no distinction between the accounts," using them interchangeably to satisfy the same

obligations.  *Id*.  These allegations of interchangeable use of personal and corporate

accounts support a prima facie showing that Mathews failed to observe corporate

formalities that would have separated his identity from that of Funding Force.[3]

Third, Persin's contentions support a showing that "failure to disregard"

Mathews' and Funding Force's "separate identities would result in fraud or injustice."

*Ranza*, 793 F.3d at 1073 (cleaned up).  Persin claims that Mathews exercised exclusive

control over Funding Force's finances and operations and used the LLC form

selectively.  Dkt. No. 50, at PageID.374.  When the investment arrangement deteriorated

and Persin asked for repayment, Mathews allegedly attempted to invoke the LLC's

separate status while continuing to intermingle personal and corporate funds and

---

[3]     Although not material to the court's alter-ego analysis at this stage, Mathews
does not meaningfully dispute that he and Funding Force lack separation.  *See* Dkt. 47,
at PageID.347.  Rather, he contends only that the conduct at issue was undertaken by
Funding Force, not by him, personally.  Moreover, Mathews has represented Funding
Force throughout this litigation, and, indeed, his attempts to represent Funding Force
pro se resulted in the entry of default against the LLC.  *See* Dkt. Nos. 15, 22, 31, 45.

obligations.  *Id*.  These allegations, accepted as true at the motion-to-dismiss stage,

further support an inference that Funding Force functioned as Mathews' personal

instrumentality rather than as an independent entity.

Taken together, Persin's allegations are sufficient to establish a prima facie

showing of alter ego identity.  At this stage, the court does not definitively resolve

factual disputes but asks only whether Persin has plausibly alleged that Mathews and

Funding Force operated as a single economic entity.  She has done so.  Funding Force's

contacts may, at this stage, be attributed to Mathews for purposes of personal

jurisdiction.

2.  Having established that Persin has made a prima facie showing that Mathews

and Funding Force satisfy the alter ego standard, the court considers whether the

contacts of Funding Force and Mathews, taken together, are sufficient to establish

specific personal jurisdiction over Mathews.

Specific personal jurisdiction requires that the defendant have "certain minimum

contacts with [the forum] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice."  *Int'l Shoe*, 326 U.S. at 316.

Courts in the Ninth Circuit apply a three-part test:  "(1) the defendant must either

purposefully direct his activities toward the forum or purposefully avail himself of the

privileges of conducting activities in the forum; (2) the claim must be one which arises

out of or relates to the defendant's forum-related activities; and (3) the exercise of

jurisdiction must comport with fair play and substantial justice, i.e. it must be

reasonable." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020)

(cleaned up), *overruled on other grounds by Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir.

2025) (en banc).  The plaintiff "bears the burden of satisfying the first two prongs."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  And if both

are established, the burden shifts to the defendant "to present a compelling case that the

exercise of jurisdiction would not be reasonable."  *Id.*  (internal quotation and citation

omitted).

　　　Here, Persin has adequately pled facts that support the finding of specific

jurisdiction under the first two prongs, while Mathews has not met his burden under

the third.

　　　With respect to the first prong, the Ninth Circuit has indicated that while courts

"often use the phrase 'purposeful availment,' in shorthand fashion, to include both

purposeful availment and purposeful direction," the "purposeful availment analysis is

most often used in suits sounding in contract."  *Id.* (cleaned up).[4]  "A showing that a

---

[4]      In opposing the motion to dismiss, Persin asserts that Mathews "purposefully
directed business activities" to Hawaiʻi.  Dkt. No. 50, at PageID.358-59.  But the
arguments Persin advances are more characteristic of a purposeful availment analysis,
which is generally applied in contract-based suits, rather than a purposeful direction
analysis, which is typically used in tort cases.  *See Schwarzenegger*, 374 F.3d at 802.
Persin also advances theories related to fraud and conversion, *see* Dkt. No. 50, at
PageID.371, which are separate causes of action not pled in her original complaint.
Limiting the personal jurisdiction inquiry to the cause of action actually pled in Persin's
complaint, the court proceeds under the purposeful availment analysis.

defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. But "a contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) (citing *Burger King*, 471 U.S. at 478). Instead, the court must "look to 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are '*substantial*' and not merely 'random, fortuitous, or attenuated.'" *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at 479, 480).

Persin plausibly alleges facts that satisfy this standard. She alleges that Mathews knew she was a Hawaiʻi resident when he developed a financial relationship with her, and that she wired her funds from a Hawaiʻi-based credit union. Dkt No. 1, at PageID.4, Dkt. No. 50, at PageID.370. She further alleges that Mathews reviewed her Hawaiʻi-based financial information, made representations about the investment through regular contact, and that, over an extended period, sent her monthly payments to a Hawaiʻi-based bank account. *Id*. These allegations describe not a single, isolated transaction, but a "continuing obligation[]" between Mathews and a Hawaiʻi resident. *Burger King Corp*., 471 U.S. at 475-76. They are sufficient to establish that Mathews' contacts with Hawaiʻi were substantial rather than "random, fortuitous, or attenuated."

*Sher*, 911 F.2d at 1362.  The second prong is also satisfied because Persin's claim that

Mathews retained her $100,000 principal investment arises out of and relates to the

relationship they developed through the course of performing their investment

arrangement.

Mathews offers spare argument about the exercise of personal jurisdiction,

except to contend that "he did not target Hawaiʻi, travel there for this transaction,

maintain officers or agents there, or direct conduct at Hawaiʻi residents in a way that

makes this suit foreseeable."  Dkt. No. 47, at PageID.347.  Such contentions do not

directly go to the reasonableness of a Hawaiʻi court's exercise of jurisdiction over

Mathews based on his contract with Persin, and so the court finds Mathews' argument

does not adequately address his burden under the "reasonableness" prong.

Mathews' failure to meet his burden is especially clear once all of Funding

Force's contacts are attributed to Mathews—as the earlier alter ego discussion allows.

Even construed liberally, Mathews' argument rests on the premise that he and Funding

Force are meaningfully distinct actors.  But, as discussed earlier, Persin has made a

prima facie showing that Mathews operated Funding Force as his alter ego.  Under

Persin's allegations, the contract at issue was between Persin and Funding Force, LLC,

but Mathews personally solicited the transaction, dictated the flow of funds, and

performed obligations under the agreement.  Persin's further allegations that payments

were transmitted interchangeably to Funding Force's accounts and Mathews' personal

accounts, and that Mathews exercised exclusive control over Funding Force permit the

court, at the motion-to-dismiss stage, to attribute Funding Force's Hawaiʻi contacts to

Mathews.

Accordingly, having established a prima facie showing that Mathews is the alter

ego of Funding Force, and that Mathews had sufficient minimum contacts with

Hawaiʻi, the court DENIES Mathews' motion to dismiss for lack of personal

jurisdiction.

### B.    Venue

Mathews next seeks dismissal based on improper venue.  In such a motion,

"pleadings need not be accepted as true, and facts outside the pleadings may be

considered."  *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (per curiam),

*overruled on other grounds by Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49 (2013); *see*

*also In re Star & Crescent Boat Co., Inc.*, 549 F. Supp. 3d 1145, 1154 (S.D. Cal. 2021).  Rule

12(b)(3) "allow[s] dismissal only when venue is 'wrong' or 'improper,'" and whether

venue is "'wrong' or 'improper' depends exclusively on whether the court in which the

case was brought satisfies the requirements of federal venue laws."  *Atl. Marine Constr.*,

571 U.S. at 55.  And so, the question is whether venue is proper generally is governed

by 28 U.S.C. § 1391.

Section 1391 provides that venue is proper in:  "(1) a judicial district in which any

defendant resides, if all defendants are residents of the State in which the district is

located; (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of

the action is situated; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is

subject to the court's personal jurisdiction with respect to such action."  28 U.S.C.

§ 1391(b)(1)-(3).

Mathews does not cite to § 1391 or any other statute in support of his motion, so

it is not clear what provision of § 1391 he is asserting that venue is improper under.  *See*

*generally*, Dkt. Nos. 47, 51.  As a result, the court considers whether this action falls

within any of the categories set out in § 1391(b).  Acknowledging that Mathews is a

resident of California, Persin does not dispute that venue is improper under

§ 1391(b)(1).  Rather, Persin contends that venue is proper under § 1391(b)(2), because

she resides in Hawaiʻi, executed the relevant agreement and wired funds from Hawaiʻi,

received payments in Hawaiʻi, and suffered injury in Hawaiʻi.  Dkt. No. 50, at

PageID.374.  These facts, Persin argues, constitute a "substantial" part of the events

giving rise to her claims.  *Id*.

The court agrees.  Section 1391(b)(2) "does not require that a majority of the

events have occurred in the district where the suit is filed, nor does it require that the

events in that district predominate."  *Artec Grp., Inc. v. Klimov*, No. 15-cv-03449, 2015

WL 9304063, at *7 (N.D. Cal. Dec. 22, 2015).  Rather, "for venue to be proper, significant

events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460, 2011 WL 2607158, at *10 (N.D. Cal. July 1, 2011); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (concluding that in a suit for breach of contract, venue is proper in the place of intended performance, rather than the place of repudiation). In contract disputes such as this one, courts have "looked to such factors as where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Id.*

Accordingly, the court finds that a substantial part of the events giving rise to Persin's claims occurred in Hawaiʻi. The Hawaiʻi-based events she alleges are significant and material to her claims, even if other relevant events occurred elsewhere. Accordingly, venue is proper in this district under § 1391(b)(2).[5]

Resisting that conclusion, Mathews makes two additional points in support of his contention that Hawaiʻi is an improper venue. First, Mathews references the governing-law clause in the Master Investment Agreement, which directs the application of California law to the contract. Dkt. No. 47, at PageID.347. Although the parties have submitted differing versions of the agreement, both versions contain the

---

[5]      And because § 1391(b)(2) applies here, § 1391(b)(3) does not apply. That is because venue under § 1391(b)(3) is appropriate only when venue is not proper under § 1391(b)(1) or (2). *Atl. Marine*, 571 U.S. at 56–57 (explaining that § 1391(b)(3) is a "fallback option" if "no other venue is proper").

provision on which Mathews relies, and neither clause supplies a court or jurisdiction

where disputes between the parties should be litigated.  *Compare* Dkt. No. 1, at

PageID.6-7, *with* Dkt. No. 47-2, at PageID.351-52.  This is because that provision is a

choice-of-law clause, not a forum-selection clause.  A choice-of-law clause governs the

substantive law applicable to a dispute, whereas a forum-selection clause specifies the

forum in which disputes must be litigated.  *See, e.g.*, *Khokhar v. Yousuf,* No. C 15-06043,

2018 WL 1697059, at *4 (N.D. Cal. Mar. 30, 2018) ("A forum-selection clause designates

the state or court where litigation may be brought, while a choice-of-law clause

identifies the substantive law that will be applied.").  The cited provision does not

require that disputes *be litigated in* California and therefore has no bearing on whether

venue is proper under § 1391.  *See Atl. Marine*, 571 U.S. at 577.

Mathews also contends that dismissal, rather than transfer, would be appropriate

if venue were improper.  Dkt. No. 47, at PageID.347-48.  The court finds this argument

unavailing.  Although the venue statute authorizes dismissal or, in the interest of

justice, transfer to a district in which the action could have been brought, 28 U.S.C.

§ 1406(a), transfer—not dismissal—is generally appropriate.  *See Atl. Marine*, 571 U.S. at

556 ("[A] case filed in a district that falls within § 1391 may not be dismissed under

§ 1406(a) or Rule 12(b)(3).").  So, even if venue were improper here, dismissal would not

be warranted.

In any event, because the court determines venue is proper under § 1391(b)(2),

Mathews' motion to dismiss for improper venue is DENIED.

### C.    The Sufficiency of the Complaint's Allegations

Mathews finally moves for dismissal under Rule 12(b)(6) on the ground that

Persin's complaint "fails to plausibly allege a basis for imposing individual liability on

Mr. Mathews for an LLC obligation."  Dkt. No. 47, at PageID.347.  But this argument

does not meaningfully address the elements of Persin's breach-of-contract claim and

does not establish whether Persin's complaint has failed to state a legally cognizable

claim for relief.  Although Persin is now represented by counsel, at the time of filing her

complaint, she was proceeding pro se.  *See generally* Dkt. No. 1.  The court therefore

liberally construes her pleadings.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

("a document filed pro se is to be liberally construed").  And the court resolves all

doubts in her favor.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Mathews appears pro se,

so the court likewise construes his argument liberally.

Under Rule 12(b)(6), "the burden is on the moving party to prove that no legally

cognizable claim for relief exists."  5B Charles Alan Wright & Arthur R. Miller, *Federal*

*Practice & Procedure* § 1357 (4th ed. 2025).  Although a plaintiff must plead sufficient

facts to state a plausible claim, "the defendant bears the burden of showing no claim has

been stated."  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *accord*

18

*Bryant v. Mattel, Inc.*, 573 F. Supp. 2d 1254, 1259-60 (C.D. Cal. 2007)).  Mathews has not

met that burden here.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court

must look only to the allegations made in the complaint and accept as true all well-

pleaded factual allegations, construing those allegations in favor of the non-moving

party.  *See Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012).  The court need

not assume the truth of conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 12(b)(6) is read in conjunction with Rule 8.  Under Rule 8(a)(2), a pleading

must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  *Twombly*, 550 U.S. at 555.  The pleading standard does not require

"detailed factual allegations," but it demands more than "an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  "A pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 557).

At the pleading stage, the court does not weigh competing facts or resolve disputed questions about the contract's scope, the parties' obligations, or the availability of individual liability.  At this stage, the court considers only whether Persin has sufficiently pled a claim for breach of contract.

Here, there are two possibilities for the law governing Persin's breach-of-contract claim—Hawaiʻi law and California law—but the elements of that claim are similar under each.  Under Hawaiʻi law, to prevail on a breach-of-contract claim, "a party must prove:  (1) the contract at issue; (2) the parties to the contract; (3) whether Plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by Defendants; and (5) when and how Defendants allegedly breached the contract."  *Evergreen Eng'g, Inc. v. Green Energy Team LLC*, 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012) (cleaned up).  Similarly, under California law:  "To plead a breach of contract claim a plaintiff must allege (1) a contract existed, (2) plaintiff performed or is excused for nonperformance, (3) defendant breached, and (4) plaintiff was damaged."  *Satvati v. Allstate Northbrook Indem. Co.*, 634 F. Supp. 3d 792, 797 (C.D. Cal. 2022).

The parties have submitted different versions of the Master Investment Agreement, and both versions contain California choice-of-law provisions.  *See* Dkt. No. 1, at PageID.6-7, Dkt. No. 47-2, at PageID.351-52.  But given that Hawaiʻi law and California law are not materially different on any relevant issue presented here, the court need not—and so does not—decide which state's law ultimately governs Persin's

breach-of-contract claim.  The only question the court must resolve is whether

Mathews' motion to dismiss adequately identifies any insufficiency in Persin's breach of

contract claim, regardless of which state's law ultimately applies.

Mathews has failed to identify any deficiency in Persin's pleading.  While her

complaint is relatively concise, it does contain adequate factual detail to evaluate

whether a breach of contract claim has been pleaded.  Persin alleges that on January 28,

2022, she entered into a written "Master Investment Agreement" with "Clint R.

Mathews of Funding Force, LLC," pursuant to which she wired $100,000 as an

investment for a twenty-four-month term with a promised return of interest and

repayment of principal upon expiration of the agreement.  Dkt. No. 1, at PageID.4.  She

further alleges that she performed under the agreement by transferring the funds as

required, and that Defendant made monthly interest payments of $1,000 through

January 2024.  Persin then alleges that Defendant breached the agreement by failing to

return the $100,000 principal when it became due on February 26, 2024, as required by

the contract.  She also alleges that Mathews failed to continue making agreed-upon

payments and instead retained her funds while delaying repayment.  The complaint

further alleges that Mathews represented that he was holding the funds in connection

with a mortgage transaction, that Persin did not ultimately obtain the loan, and that

Mathews nevertheless failed to return the principal despite repeated promises to do so.

Finally, Persin claims resulting damages, including the loss of her $100,000 principal

investment and accrued interest.  *Id*.  Taken as true, these allegations are enough to state a claim for breach of contract under either Hawaiʻi or California law.

In any event, Mathews' motion does not meaningfully address these allegations or explain why they fail to satisfy the elements of a breach-of-contract claim under California or Hawaiʻi law.  Instead, Mathews focuses primarily on whether Persin is entitled to attorneys' fees or has plausibly alleged a basis for individual liability on an LLC obligation.  Dkt. No. 47, at PageID.347.  Such arguments are unpersuasive.  Whatever the ultimate resolution of attorneys' fees or liability, these contentions do not establish Persin failed to plead a plausible breach-of-contract claim.  Even read liberally, Mathews' contentions do not concern the elements of Persin's allegations at all.

In short, Mathews' motion does not demonstrate that Persin's pleadings are legally deficient.  Accepting Persin's factual allegations as true and construing them in her favor, as it must, the court concludes that Mathews has failed to carry his burden on a Rule 12(b)(6) motion.  Mathews' Rule 12(b)(6) motion is therefore DENIED.

//

//

//

//

//

//

## <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES Defendant's motions to dismiss.

IT IS SO ORDERED.

DATED:  January 28, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

Civil No. 25-00001 MWJS-KJM, *Persin v. Mathews et al*; ORDER DENYING
DEFENDANT CLINT R. MATHEWS' MOTIONS TO DISMISS